Anthony C. Kaye (#08611)
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
kaye@ballardspahr.com

*Attorney for Plaintiff JP Ventures, LLC*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JP VENTURES, LLC,<br><br>       **Plaintiff,**<br><br>       **v.**<br><br>IVAPE LLC,<br><br>       **Defendant.** | **COMPLAINT**<br><br>**JURY DEMANDED**<br><br><br>**Case No.:** _____<br><br>**Honorable** _____ |

## DESCRIPTION OF ACTION

1.      This is an action brought by Plaintiff JP Ventures LLP ("Plaintiff" or "JP

Ventures") against Defendant iVape LLC ("Defendant") for trademark infringement,

cybersquatting, unfair competition, and deceptive, misleading, or false advertising arising from

Defendant's unlawful adoption and use of JP Ventures' "iVAPE" trademark.

2.      JP Ventures seeks damages for willful trademark infringement and false

designation of origin under the Lanham Act §§ 32 and 43 (15 U.S.C. §§ 1114 and 1125(a)), for

cybersquatting under the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d),

"ACPA"), for unfair competition under the Utah Unfair Competition Act, Utah Code Ann. §§ 13-5a-101 *et seq.*, and for deceptive, misleading, or false advertising under the Utah Unfair Competition Act, Utah Code Ann. §§ 13-11a-1 *et seq*.

3.       JP Ventures further seeks injunctive relief through an Order from the Court enjoining Defendant from using the iVAPE mark in connection with electric vaporizers or related products and services as defined herein, and for an Order transferring and assigning to JP Ventures all rights in and to the domain name IVAPESLC.COM and any other domain name or website containing the iVAPE mark, including social media.

**THE PARTIES**

4.       Plaintiff JP Ventures is a South Carolina limited liability company.  It is organized in South Carolina, has its principal place of business in South Carolina, and has done business nationwide, including in Utah, under the distinctive iVAPE mark since April of 2010.

5.       On information and belief, JP Ventures is the first and largest nationwide vendor of electronic cigarettes, personal vaporizers, flavored liquid nicotine ("e-liquid") and related products under the iVAPE mark.

6.       On information and belief, Defendant is a Utah limited liability company, organized in Utah and having its principal place of business located at 4523 South Redwood Road, Taylorsville, Utah 84123.

7.       As of the filing date of this complaint, the Utah Secretary of State website lists Dave Pimm as Defendant's agent for service of process, with a registered agent address of 3216 Highland Drive, Salt Lake City, Utah 84106.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.  This case primarily involves federal questions of trademark infringement under the Lanham Act and cybersquatting under the ACPA. Additionally, complete diversity of citizenship exists, and the amount in controversy exceeds $75,000.  Pendent jurisdiction also exists over the Utah state law claims for unfair competition and deceptive, misleading, or false advertising.

9.      This Court has personal jurisdiction over Defendant because Defendant is a business entity organized in Utah and residing within this District.  On information and belief, Defendant has had continuous and substantial contacts with the State of Utah for all times relevant to this action.  On information and belief, Defendant has conducted infringing business continuously since approximately August of 2013 to date, at least through a brick and mortar retail store located within this District in Taylorsville, Utah.

10.      Defendants has purposefully availed itself of this forum through general business presence, including but not limited to doing business in Utah, marketing products to consumers in Utah, and operating a website advertising Defendant's infringing products and services and through which Utah consumers have, at times, been able to purchase Defendant's infringing products.

11.      The Court has specific jurisdiction over Defendant because it has committed acts of infringement, unfair competition, and deceptive, misleading, or false advertising within this District which directly give rise to JP Ventures' claims as set forth herein.

12.     Venue in this District is appropriate pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) and Utah Code Ann. §§ 13-5a-103 and 13-11a-4 because the Court has personal jurisdiction over Defendant, who resides here, and because JP Ventures' claims arise from Defendant's activities within and targeted at this District.

## GENERAL ALLEGATIONS

### Background on Electronic Cigarette Products

13.     An electronic cigarette is generally a battery-powered vaporizer that simulates traditional tobacco smoking by producing an aerosol vapor, as opposed to smoke from burning cigarettes, pipes, or cigars.  Also known as "e-cigs," "e-cigarettes" or personal vaporizer ("PVs"), these devices use a heating element known as an "atomizer" that vaporizes a liquid solution known as "e-liquid."

14.     E-liquid typically consists of a propylene glycol and/or vegetable glycerin base liquid that can be flavored and can include liquid nicotine.  Generally, an atomizer is connected to an e-liquid source tank through a standard wick.  When the battery is activated, a charge is sent to the atomizer from the battery or power source, warming what is typically a metallic coil inside of the atomizer.  The atomizer then heats the e-liquid near or to its boiling point, turning it into a fine vapor mist to be inhaled, as opposed to smoke from the combustion of tobacco leaves and other chemical additives to traditional cigarettes.

### JP Ventures' Substantial Goodwill in and Prior Use of the iVAPE Marks in Connection with E-Cigarette Products and Services

15.     Since April of 2010, JP Ventures has sold various electronic cigarettes, personal vaporizer, and e-liquid related products under the distinctive mark iVAPE (the "iVAPE Word Mark"), alone and as incorporated into the following distinctive logo, shown here:



(the "iVAPE Logo", and together with the iVAPE Word Mark, the "iVAPE Marks").

16.     JP Ventures markets and sells under the iVAPE Marks through retail store locations in South Carolina, through its distributors throughout the country, and via its worldwide e-commerce internet retail store located at www.ivape.net.

17.     Through these channels, JP Ventures offers retail services and sells a wide array of e-cigarette, e-liquid, and related products under the iVAPE Marks, including for example: personal vaporizers, flavored and unflavored liquid nicotine, electronic cigarette starter kits, regulated power vaporizers, e-cigarette tanks, tank systems, batteries, battery chargers, e-cigarette mods, atomizers, cartomizers, passthroughs, and drip tips (collectively referred to herein as "E-cigarette Products and Services").

18.     Since commencing the mass marketing of iVAPE-branded E-cigarette Products and Services in April 2010, JP Ventures has continuously used the iVAPE Marks in connection with its line of products in various advertising and promotional materials nationwide.

19.     As a result of JP Ventures' substantial time, effort, and money invested over the last several years in the iVAPE-branded E-cigarette Products and Services, the positive reputation JP Ventures has earned for providing such products under the iVAPE Marks, and its significant efforts publicizing the iVAPE Marks, JP Ventures has accumulated substantial

recognition and goodwill in the iVAPE Marks in connection with E-cigarette Products and Services.

20.     As with consumers throughout the United States and in foreign countries, residents of Utah exclusively recognize the IVAPE Marks with E-cigarette Products and Services sold by JP Ventures.  JP Ventures has made substantial sales of its products throughout the United States since April 2010, including into Utah.

### JP Ventures' Federal Trademark Registrations for the iVAPE Word Mark

21.     On June 14, 2016, the U.S. Patent and Trademark Office ("USPTO") duly issued U.S. Trademark Registration No. 4,975,776 (the "'776 Registration") in the name of JP Ventures.

22.     The '776 Registration protects the iVAPE Word Mark and generally covers E-Cigarette Products and Services across several international classes of goods and services.

23.     The application leading to the '776 Registration was filed May 28, 2013.  A true and correct copy of the '776 Registration is attached as Exhibit A hereto.

24.     On April 8, 2014, the USPTO duly issued U.S. Trademark Registration No. 4,511,030 (hereinafter, the "'030 Registration").

25.     The '030 Registration also protects the iVAPE Word Mark and generally covers "electric vaporizers" in International Class 11.

26.     On December 9, 2015, the '030 Registration was duly and properly assigned to JP Ventures, along with all goodwill associated in and with the business connected with, and symbolized by, the iVAPE Word Mark covered by the '030 Registration.

27.     The application leading to the '030 Registration was filed August 3, 2010.  A true and correct copy of the '030 Registration with JP Ventures' assignment thereto appended to it is attached as Exhibit B hereto.

28.     Collectively, the '776 Registration and the '030 Registration shall be referred to herein as the "iVape Word Mark Registrations."

**Defendant's Intentional Wrongful Actions**

29.     On or about July 25, 2013, long after JP Ventures adopted the iVAPE Marks and after the applications leading to the iVAPE Word Mark Registrations were filed, Defendant opened a retail store located in Taylorsville, Utah.

30.     Defendant characterizes its retail store as an "electronic cigarette boutique" and an "electronic cigarette lounge."  Through this store, Defendant offers for sale, and sells, electronic cigarette products and services that are highly similar, if not identical, to the E-Cigarette Products and Services sold by JP Ventures, including, for example: flavored and unflavored e-liquid (or "e-juice"), e-cigarettes, personal vaporizers, cartomizers, modifications ("mods"), e-liquid tanks and refills, rebuildable dripping atomizers ("RDAs"), services relating thereto, and the like (collectively, "Defendant's Infringing Products and Services").

31.     Defendant's retail store, interior and exterior signs for the store, product labels, business cards, and other promotional items and advertisements prominently display a logo comprised primarily of the word "iVape" ("Defendant's Infringing Mark").

32.     Defendant's Infringing Mark (shown at left below) incorporates the iVAPE Word Mark in its entirety.  Defendant's Infringing Mark is also substantially and confusingly similar to the iVAPE Logo (shown at right below), as exemplified by a side-by-side comparison:

 

33.     On information and belief, on or about August of 2013, long after JP Ventures adopted the iVAPE Marks and after the applications leading to the iVAPE Word Mark Registrations were filed, Defendant launched a website located at the domain IVAPESLC.COM. This website has prominently displayed Defendant's Infringing Mark for the purposes of promoting and advertising sales of Defendant's Infringing Products and Services.

34.     On October 4, 2013, counsel for JP Ventures sent Defendant a letter notifying Defendant of JP Ventures' prior rights in and to the iVAPE Marks, alerting Defendant to its infringing activities, and requesting Defendant cease all use of Defendant's Infringing Mark and immediately transfer the IVAPESLC.COM domain to JP Ventures.

35.     On October 18, 2013, then-counsel for Defendant responded to JP Ventures on behalf of Defendant, denying Defendant's infringement and refusing to comply with JP Ventures' demands as set forth in the October 4, 2013 letter.

36.     Since receiving Defendant's October 18, 2013 letter, JP Ventures expended significant time and resources devoted to securing the iVape Word Mark Registrations.

37.     Soon after securing the iVape Word Mark Registrations, JP Ventures learned of continuous, ongoing, and additional infringing activities by Defendant, including but not limited to:  the launch of online sales directly through the IVAPESLC.COM website, and increased advertisement and promotion of Defendant's Infringing Products and Services under Defendant's

Infringing Mark on social media sites like Facebook, Instagram, and Twitter, as well as on billboards placed within the Salt Lake City area.

38.     On July 29, 2016, counsel for JP Ventures sent a second letter to Defendant, reiterating JP Ventures' original demands, alerting Defendant to the iVape Word Mark Registrations, and identifying Defendant's continuous, ongoing, and additional infringing activities.

39.     Defendant never responded to JP Ventures' second letter.  However, as of the filing of this Complaint, Defendant has placed a notice on its IVAPESLC.COM website purporting to have "temporarily paused purchased [*sic*] online."  To this day, Defendant still promotes Defendant's Infringing Products and Services using Defendant's Infringing Mark in connection with its retail store and the IVAPESLC.COM website.

40.     Defendant has provided no reassurances to JP Ventures, or otherwise, that it will not resume online sales, and Defendant continues to otherwise promote and sell Defendant's Infringing Products and Services using Defendant's Infringing Mark through its retail store.

41.     Defendant's Infringing Products and Services are in direct competition with JP Ventures, including for a substantial number of Utah customers and online.

42.     At no time has Defendant had JP Ventures' permission, consent, or any other type of authority to use any of the iVAPE Marks.

43.     Therefore, without permission or authority from JP Ventures, Defendant has infringed upon JP Ventures' iVAPE Marks in interstate commerce by making, using, promoting, advertising, distributing, selling, and offering to sell Defendant's Infringing Products and

Services under Defendant's Infringing Mark that is confusingly similar to JP Ventures' iVAPE Marks.

44.     Upon information and belief, Defendant's use of the iVAPE Marks is intended to trade upon the goodwill and substantial recognition associated with JP Ventures' line of products.

45.     Upon information and belief, Defendant is using the iVAPE Marks to associate itself with JP Ventures or otherwise trade upon JP Ventures' reputation.

46.     Upon information and belief, Defendant's use of the iVAPE Marks is intended to cause confusion, mistake, or deception.

47.     Upon information and belief, Defendant intends to cause consumers and potential customers to believe that the Defendant's products and services are associated with JP Ventures' iVAPE-branded products and services when, in fact, they are not.

48.     Upon information and belief, Defendant has a bad faith intent to profit from the iVAPE Marks by having registered, trafficked in, and/or used the IVAPESLC.COM domain name and website located thereon that is identical or confusingly similar to the iVAPE Marks owned by JP Ventures.

49.     By virtue of the acts outlined herein, Defendant has created a likelihood of injury to JP Ventures' business reputation and has caused both actual confusion and the strong likelihood of consumer confusion as to the source of origin and of a false relationship between JP Ventures' and Defendant's respective goods and services under the iVAPE Marks, and Defendant has otherwise competed unfairly with JP Ventures.

50.     Upon information and belief, Defendant's acts outlined herein are willful and deliberate.

51.     Defendant's acts outlined herein have caused damage to JP Ventures in an amount to be determined at trial, and such damages will continue to increase unless and until Defendant is enjoined from its wrongful conduct.

52.     Defendant's acts outlined herein have caused JP Ventures to suffer irreparable injury to its business.  JP Ventures will suffer a substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from the wrongful actions outlined herein, including (i) being enjoined from any further use of the iVAPE Marks in connection with E-Cigarette Products and Services, and (ii) being enjoined from any further ownership, use, or operation of the IVAPESLC.COM domain name and all other domains or websites incorporating one or more of the iVAPE Marks, including social media.

## COUNT ONE:  Trademark Infringement and False Designation of Origin
### (Lanham Act § 43 (15 U.S.C. § 1125(a)))

53.     JP Ventures hereby incorporates all allegations set forth in this Complaint as if fully set forth herein.

54.     This is a claim for trademark infringement and false designation of origin arising under § 43 of the Lanham Act, codified at 15 U.S.C. § 1125(a).

55.     JP Ventures has established prior common law rights in the iVAPE Marks in connection with E-Cigarette Products and Services as defined above, including within Utah.

56.     Defendant has been using the iVAPE Marks in connection with E-Cigarette Products and Services in interstate commerce at least through its Taylorsville retail store and on the Internet through IVAPESLC.COM and social media websites.

57.     JP Ventures used its iVAPE Marks for E-Cigarette Products and Services before Defendant allegedly first used Defendant's Infringing Mark in interstate commerce, including within Utah.  As such, JP Ventures has established priority in, and the exclusive right to continue to use the iVAPE Marks.

58.     Defendant has used and continues to use the iVAPE Marks for E-cigarette Products and Services in interstate commerce in a way that is likely to confuse consumers about the origin, sponsorship, or approval of its goods and services.

59.     Defendant has at all relevant times actually or constructively known of, or been willfully blind to, the prior common law trademark rights of JP Ventures, such that Defendant's actions constitute willful trademark infringement.

60.     JP Ventures has been damaged by the Defendant's willful acts and is entitled to actual and exemplary damages.

61.     JP Ventures has suffered irreparable harm from Defendant's acts and is entitled to injunctive relief.

### COUNT TWO:  Registered Trademark Infringement

### (Lanham Act § 32 (15 U.S.C. § 1114))

62.     JP Ventures hereby incorporates all allegations set forth in this Complaint as if fully set forth herein.

63.    This is a claim for trademark infringement of federally registered trademarks arising under § 32 of the Lanham Act, codified at 15 U.S.C. § 1114.

64.    JP Ventures owns all right, title, interest, and all goodwill associated with the business connected with and symbolized by the marks, goods, and services recited by the iVAPE Word Mark Registrations, as defined above.

65.    Through the iVAPE Word Mark Registrations, JP Ventures has established prior federal trademark rights presumptively throughout the United States for the iVAPE Word Mark, at least as against Defendant, in connection with E-cigarette Products and Services as defined above and recited within the iVAPE Word Mark Registrations.

66.    Defendant has been using the iVAPE Marks in connection with E-cigarette Products and Services in interstate commerce at least through its Taylorsville retail store and on the Internet through IVAPESLC.COM and social media websites.

67.    JP Ventures used its iVAPE Marks for E-cigarette Products and Services, and one or both of the applications leading to the iVAPE Word Mark Registrations were filed, before Defendant ever first used Defendant's Infringing Mark in commerce in connection with Defendant's Infringing Products and Services.  As such, JP Ventures has established priority in, and the exclusive right to continue to use the iVAPE Marks.

68.    Defendant has used and continues to use the iVAPE Marks for E-cigarette Products and Services in interstate commerce in a way that is likely to confuse consumers about the origin, sponsorship, or approval of its goods and services.

69.    At least since the respective filing dates of the iVAPE Word Mark Registrations, Defendant has actually or constructively known of, or been willfully blind to, the prior

registration-based federal trademark rights of JP Ventures, such that Defendant's actions constitute willful trademark infringement.

70.     JP Ventures has been damaged by the Defendant's willful acts and is entitled to actual and exemplary damages.

71.     JP Ventures has suffered irreparable harm from Defendant's acts and is entitled to injunctive relief.

<u>**COUNT THREE:  Cybersquatting**</u>

**(ACPA, 15 U.S.C. § 1125(d)))**

72.     JP Ventures hereby incorporates all allegations set forth in this Complaint as if fully set forth herein.

73.     JP Ventures has established prior common law and federal registration-based rights in the iVAPE Marks in connection with E-Cigarette Products and Services as defined and set forth above.

74.     Upon information and belief, Defendant has, at least since adopting the IVAPESLC.COM domain name and launching the website thereon, had a bad faith intent to profit from the iVAPE Marks by having registered, trafficked in, and/or used the IVAPESLC.COM domain name and website located thereon.

75.     The IVAPESLC.COM domain name is identical or confusingly similar to the iVAPE Marks owned by JP Ventures.

76.     Defendant uses the IVAPESLC.COM domain name to promote Defendant's Infringing Products and Services that are in direct competition with JP Ventures.

77.     JP Ventures has been damaged by the Defendant's willful acts and, pursuant to 15 U.S.C. § 1117(d), is entitled to an election of either its actual damages and profits, or an award of statutory damages of $100,000.

78.     JP Ventures has suffered irreparable harm from Defendant's acts and is entitled to injunctive relief, in the form of transferring all of Defendant's infringing domain names, including but not limited to IVAPESLC.COM.

## COUNT FOUR:  Unfair Competition

### (Utah Code Ann. §§ 13-5a-101 *et seq.*)

79.     JP Ventures hereby incorporates all allegations set forth in this Complaint as if fully set for herein.

80.     Use of the iVAPE Marks by Defendant on and in connection with E-cigarette Products and Services does and will infringe on JP Ventures' prior trademark rights and will cause a likelihood of confusion among the public.

81.     Defendant's wrongful acts, as described in this Complaint, are unlawful and unfair, and cause damage to JP Ventures and injure its business, in violation of the Utah Unfair Competition Act, Utah Code Ann. §§ 13-5a-101 *et seq*.

82.     Because of the acts outlined herein, Defendant has intentionally caused a likelihood of confusion among the public and has unfairly competed with the JP Ventures in violation of Utah law, in order to trade upon JP Ventures' goodwill established in the iVAPE Marks.

83.     Defendant's willful actions of unfair competition have caused damage and irreparable injury to JP Ventures in an amount to be determined at trial.

84.     Defendant's willful acts of unfair competition under Utah law entitles JP Ventures to actual damages, costs and attorneys' fees, and punitive damages pursuant to Utah Code Ann. § 13-5a-103(1)(b)(i)-(iii).

85.     JP Ventures has suffered irreparable harm from Defendant's acts and is entitled to injunctive relief.

<u>**COUNT FIVE:  Deceptive, Misleading, and False Advertising**</u>

**(Utah Code Ann. §§ 13-11a-1 *et seq*.)**

86.     JP Ventures hereby incorporates all allegations set forth in this Complaint as if fully set for herein.

87.     Defendant's acts constitute, among others, (1) passing off services as those of another; (2) causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of services; (3) causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with another, in violation of the laws of the various states, including the Utah Truth in Advertising Act, Utah Code Ann. §§ 13-11a-1 *et seq.*

88.     Defendant's willful actions of deceptive, misleading, and false advertising have caused damage and irreparable injury to JP Ventures in an amount to be determined at trial.

89.     Defendant's willful acts of deceptive, misleading, and false advertising entitle JP Ventures to its actual damages, costs and attorneys' fees, and an injunction pursuant to Utah Code Ann. § 13-11a-4.

90.     JP Ventures has suffered irreparable harm from Defendant's acts and is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JP Ventures prays for judgment as follows:

a.      An award of actual damages in an amount to be proven at trial;

b.      An award of Defendant's profits, actual and statutory damages, trebled damages, and the cost of this action as provided under the Lanham Act;

c.      A declaration that Defendant has infringed and are infringing the common law and federal registration-based trademark rights of JP Ventures;

d.      A declaration that the Defendant has violated and is violating Utah's unfair competition and false advertising laws;

e.      Injunctive relief preventing Defendant from further infringement of JP Ventures' trademark rights;

f.      An Order directing Defendant to transfer all Internet domain names incorporating the iVAPE Marks, including but not limited to IVAPESLC.COM, and to cease operation and takedown all content on related websites and social media that display the iVAPE Marks;

g.      An award of prejudgment and postjudgment interest;

h.      An award of reasonable attorneys' fees and expenses; and

i.      Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMAND**

JP Ventures respectfully requests that all issues in this case be decided by a jury.

DATED this 30th day of November, 2016.

/s/ Anthony C. Kaye
Anthony C. Kaye, Esq.
BALLARD SPAHR LLP
Attorney for Plaintiff JP Ventures, LLC